Wilson v. Gonder.

No. 26,784.

WILLIAM WILSON, *Appellee*, v. M. D. GONDER, *Appellant*.

SYLLABUS BY THE COURT.

1. FIXTURES — *Breach of Agreement as to Article Annexed* — *Forfeiture of Rights by Conveyance*. In a controversy as to whether a steel windmill tower which had been erected under a contract between the parties should be taken down and a wood tower erected in its place, it is held that the tower erected became a part of the realty and that the conveyance of the land by the defendant without reservation as to the tower operated as an acceptance of the tower and barred him from insisting on the substitution.

2. TRIAL—*Direction of Verdict—When Proper*. Where the evidence and admissions of the complaining party leave nothing for decision but a question of law, it is competent for the court to direct a verdict in accordance with the law.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed July 10, 1926. Affirmed.

*Carl Van Riper*, of Dodge City, for the appellant.

*H. O. Trinkle*, of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   William Wilson sued M. D. Gonder upon a claim for drilling a well, installing a pump in it and erecting a tower and windmill over it, on a tract of land then owned by Gonder. The only part of the claim in dispute was the item of $120 for the tower. That the tower was furnished and erected was conceded. Defendant says he told plaintiff he preferred a wood tower, but that plaintiff had insisted that the steel one was preferable, and that it could be erected sooner. It was agreed he said that a steel tower might be erected, but that if it was not satisfactory to defendant it was to be taken down and a wood one substituted. After the erection of the steel tower defendant declared that it was unsatisfactory to him, and demanded that it be taken down and a wood tower substituted as the plaintiff had agreed to do. This was not done for reasons stated by the plaintiff, but as the case is to be disposed of on the defendant's testimony it is unnecessary to state the position of the plaintiff.

Fixtures, 26 C. J. pp. 721 n. 40, 726 n. 83.  Sales, 35 Cyc. p. 260 n. 65.  Trial, 38 Cyc. p. 1565 n. 83; 26 R. C. L. 1067.

In his testimony defendant admitted that the land on which the tower was erected had been conveyed by him to another without any reservation respecting the tower. On the admission of the transfer of the land including the tower, the court directed a verdict for plaintiff. Defendant appeals.

There was no dispute as to any part of the bill, as defendant admitted that he owed the amounts claimed for the well and pump. The tower was a fixture attached to the land and became a part of the realty, and when the transfer of the land by defendant was made without excepting the tower from the operation of the deed it passed to the grantee and neither plaintiff nor defendant could remove it. The grantee is not a party to the action and no claim is made in his behalf. When the land including the tower was conveyed by defendant, he as a necessary consequence accepted the tower as built and disabled himself to insist that another should be substituted. Upon his own testimony, which must be accepted, only a question of law was left for decision, and the court was therefore at liberty to direct the verdict. Defendant's admission as to transfer without reservations is conclusive in the matter of acceptance and precludes him from insisting that a wood tower should be substituted for a steel one and from denying liability for the tower accepted.

The judgment is affirmed.